RP

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Robert Joseph Pilgrim, | ) | No. CV 08-886-PHX-DGC (MHB) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Correctional Service Corporation, et al., | ) | |
| Defendants. | ) | |

Plaintiff Robert Joseph Pilgrim, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1). Plaintiff has not paid the $350.00 civil action filing fee but has filed an Application to Proceed *In Forma Pauperis* (Doc. #3).

On May 21, 2008, this action was reassigned by Minute Order from Judge Frederick J. Martone to the undersigned Judge. The Court will deny the Application to Proceed *In Forma Pauperis* and dismiss the Complaint and this action without prejudice.

**I.     Three Strikes Provision 28 U.S.C. § 1915(g)**

Title 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The constitutionality of this provision has been upheld by the Ninth Circuit Court of Appeals. Andrews v. King, 398 F.3d 1113, 1123 (9th Cir. 2005); Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

A search of the Court's docket reveals that Plaintiff has filed 14 other non-habeas lawsuits while he has been a prisoner. Of these 14 prior actions, 12 were dismissed for failure to state a claim. See Pilgrim v. Correctional Service, et al., CV-05-1845-PHX-FJM (VAM) (D. Ariz. Order of dismissal filed February 24, 2006); Pilgrim v. Sorio, et al., CV-05-2035-PHX-FJM (VAM) (D. Ariz. Order of dismissal filed March 24, 2006); Pilgrim v. Canteen Food Service Corporation, et al., CV-05-2057-PHX-FJM (VAM) (D. Ariz. Order of dismissal filed March 27, 2006); Pilgrim v. City of Phoenix Police Department, et al., CV-05-2140-PHX-FJM (VAM) (D. Ariz. Order of dismissal filed March 27, 2006); Pilgrim v. Amburn, et al., CV-05-2264-PHX-FJM (VAM) (D. Ariz. Order of dismissal filed March 27, 2006); Pilgrim v. Spencer, et al., CV-05-2386-PHX-FJM (VAM) (D. Ariz. Order of dismissal filed March 27, 2006); Pilgrim v. Williams, et al., CV-05-2495-PHX-FJM (VAM) (D. Ariz. Order of dismissal filed March 27, 2006); Pilgrim v. Gordon, et al., CV-05-2742-PHX-FJM (VAM) (D. Ariz. Order of dismissal filed March 27, 2006); Pilgrim v. Walker, et al., CV-05-2869-PHX-FJM (VAM) (D. Ariz. Order of dismissal filed March 27, 2006); Pilgrim v. Greyhound Bus Company, et al., CV-05-3069-PHX-FJM (VAM) (D. Ariz. Order of dismissal filed March 27, 2006); Pilgrim v. O'Conner, et al., CV-05-3159-PHX-FJM (VAM) (D. Ariz. Order of dismissal filed March 27, 2006); and Pilgrim v. City of Phoenix, et al., CV-05-3160-PHX-FJM (VAM) (D. Ariz. Order of dismissal filed March 27, 2006).

Therefore, Plaintiff may not bring any civil action without complete pre-payment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**II.     No Imminent Danger of Serious Physical Injury Allegation**

In his Complaint, Plaintiff claims in Count I that his First, Fifth, Sixth, Eighth, Ninth, Tenth, and Fourteenth Amendment rights were violated when a reward was offered for his murder in 2002, and when six months later his food was poisoned with antifreeze and

chemicals were sprayed into his isolated cell for two months, almost killing him. In Count II, Plaintiff claims that his First, Fifth, Sixth, Eighth, Ninth, Tenth, and Fourteenth Amendment rights were violated when his food was poisoned in 2003 with either antifreeze, arsenic, insecticide, or weed killer, and when "WD40," Freon used to charge air conditioners, insecticide, or weed killer were sprayed into his cell every day for two months. In Count III, Plaintiff claims that his First, Fifth, Sixth, Eighth, Ninth, Tenth, and Fourteenth Amendment rights were violated in 2003 when gas was sprayed at him in the tents while he slept, when his food was poisoned, when he received no medical attention, and when an automated fire extinguisher was used as a weapon against him to deprive him of oxygen while he worked.

Plaintiff does not allege in the Complaint that he is in imminent danger of serious physical injury, and the facts as presented by Plaintiff would not support such an allegation. Accordingly, Plaintiff is not entitled to proceed *in forma pauperis*, and his Complaint and this action must be dismissed without prejudice for failure to pre-pay the $350.00 filing fee. If Plaintiff wishes to reassert these claims in the future, he must pre-pay the entire $350.00 filing fee when he files his new action.

**IT IS ORDERED**:

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **denied**.

(2) The Complaint (Doc. #1) and this action are **dismissed** pursuant to 28 U.S.C. § 1915(g) **without prejudice** to Plaintiff filing a complaint in a new case accompanied by the full $350.00 filing fee.

(3) The Clerk of Court **must enter judgment** accordingly and **close** this file.

DATED this 28th day of May, 2008.

David G. Campbell
United States District Judge